NCO FINANCIAL SYSTEMS → LISA MORE ☑005/024

*FILED*

IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA,
IN AND FOR LEE COUNTY

2005 OCT 17 PM 1: 17

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT MYERS DIVISION

GEORGE R. LOSURE,

    Plaintiff,

v.

    Case No.: 05-CA-004253
    Judge: McIver, William O

CAPTIAL ONE SERVICES, INC.
A Foreign Profit Corporation a/k/a
CAPITAL ONE BANK, NCO
FINANCIAL SYSTEMS, INC., a
Foreign Profit Corporation.

2: 05 -cV -502 -FtM-29 SPC

## COMPLAINT

    The Plaintiff, GEORGE R. LOSURE, sues the Defendants, CAPTIAL ONE

SERVICES, INC., a Foreign Profit Corporation a/k/a CAPITAL ONE BANK, and NCO

FINANCIAL SYSTEMS, INC., a Foreign Profit Corporation, and alleges:

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1.    This is an action for damages in excess of $15,000.00 and less than $75,000.00.

2.    At all times material hereto, the Plaintiff was and is a resident of Lee County,

Florida, and the causes of action hereinafter referred to all occurred in Lee County,

Florida.

3.    The Defendant, CAPITAL ONE SERVICES, INC. a/k/a CAPITAL ONE BANK

(hereinafter referred to as CAPITAL ONE) is one of the principal subsidiaries of

CAPITAL ONE FINANCIAL CORPORATION, a publicly held bank holding company,

and is a national financial services corporation which does business in Lee County,

1

Florida. The Defendant, CAPITAL ONE, regularly attempts to collect debts in Lee County, Florida.

4.    The Defendant, NCO FINANCIAL SYSTEMS, INC. (hereinafter referred to as NCO FINANCIAL) is a foreign profit corporation, licensed to do business in the State of Florida as a debt collector, and is, in fact, conducting business in Florida by attempting to collect alleged consumer debts in Lee County, Florida.

5.    The Defendant, NCO FINANCIAL, is a debt collector, pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1601 et. seq.

6.    The Defendant, NCO FINANCIAL, is a debt collector, pursuant to the Florida Consumer Collection Practices Act, §559.55 Florida Statutes, 2005.

7.    VAN RU CREDIT CORPORATION (hereinafter referred to as VAN RU) is a foreign profit corporation, licensed to do business in the State of Florida as a debt collector, and is, in fact, conducting business in Florida by attempting to collect alleged consumer debts in Lee County, Florida.

8.    VAN RU, is a debt collector, pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1601 et. seq.

9.    VAN RU, is a debt collector, pursuant to the Florida Consumer Collection Practices Act, §559.55 Florida Statutes, 2005.

10.    The Plaintiff, GEORGE R. LOSURE, and the Defendant, CAPITAL ONE, had business transactions between them prior to January 2005, which resulted in an alleged consumer debt due and owing from the Plaintiff to the Defendant.

11.    The account number attached to the alleged consumer debt is Account # 4388641882161982.

2

12. CAPITAL ONE engaged the services of VAN RU as its agent, servant and/or employee to attempt to collect the alleged consumer debt on or before January, 2005. See Attached Exhibit A.

13. VAN RU assigned the alleged consumer debt an account # 5453071. See Attached Exhibit A.

14. On or about January 19, 2005, the Defendant, CAPITAL ONE, by and through its agent, servant and/or employee, Defendant, VAN RU, offered to settle the alleged consumer debt in the amount of $1,437.53. See Attached Exhibit B.

15. In response to VAN RU's offer to settle the alleged consumer debt, the Plaintiff, GEORGE LOSURE, procured from Wachovia Bank an Official Check #293314696, made payable to Defendant, VAN RU, in the amount of $1,437.53. A copy of the Official Check that was forwarded to the Defendant's agent, servant and/or employee is attached hereto as Exhibit C.

16. The Plaintiff, GEORGE R. LOSURE, mailed the Official Check, via Express Mail with the United States Post Office on January 20, 2005, to the Defendant, VAN RU. See Attached Exhibit D.

17. According to the United States Post Office official web-site, www.usps.com, the Plaintiff's Official Check # 293314696 was delivered on January 21, 2005 and signed for by an agent, servant or employee of VAN RU, named D. Robles.. See Attached Exhibit E.

18. The Plaintiff also requested a signature card from the United States Postal Service to verify receipt of the Official Check. See Attached Exhibit F.

3

19.     Exhibit F confirms that Official Check # 293314696 was received by Defendant VAN RU on January 21, 2005.

20.     On or before July 11, 2005, the Defendant, CAPITAL ONE, engaged the services of Defendant, NCO FINANCIAL, to collect a consumer debt allegedly owed by the Plaintiff, GEORGE R. LOSURE.

21.     Defendant, NCO FINANCIAL, forwarded correspondence on or about July 11, 2005, to the Plaintiff, GEORGE R. LOSURE, attempting to collect an alleged consumer debt, with account # 4388641882161982, in the amount of $1,608.36.  See Attached Exhibit G.

22.     On or about July 21, 2005, an agent, servant and/or employee of the Defendant, NCO FINANCIAL, placed a telephone call to the Plaintiff at his place of employment in an attempt to collect this alleged consumer debt.

23.     The Plaintiff, GEORGE R. LOSURE, never gave his permission in writing or orally allowing the Defendant, NCO FINANCIAL, to contact his place of employment.

24.     Defendant, NCO FINANCIAL, forwarded additional correspondence on or about September 8, 2005, to the Plaintiff, GEORGE R. LOSURE, attempting to collect an alleged consumer debt, with account # 4388641882161982, in the amount of $1,608.36. See Attached Exhibit H.

25.     The Defendant, CAPITAL ONE, maintains procedures to collect consumer debts.

### COUNT I

The Plaintiff, GEORGE R. LOSURE, sues the Defendant, CAPITAL ONE, and incorporates paragraphs 1-25, as though specifically plead herein, and he further alleges the following:

4

26.     The Defendant, CAPITAL ONE, authorized its agent, servant and/or employee to enter into a settlement agreement with the Plaintiff on or about January 19, 2005. See Attached Exhibit B.

27.     The offer to settle, and all material terms associated therewith, was accepted by the Plaintiff, GEORGE R. LOSURE, on or about January 21, 2005.

28.     The Defendant, CAPITAL ONE, had a duty to honor the contract entered into by the parties, close the account (#4388641882161982) on or about January 22, 2005 and cease collection efforts.

29.     Rather than close the account and discontinue collection efforts, the Defendant, CAPITAL ONE, placed this account with another debt collection agency, NCO FINANCIAL on or about July 11, 2005.

30.     The Defendant, CAPITAL ONE, violated Florida Statute § 559.72 by intentionally turning over this alleged consumer debt to a second debt collection agency when it specifically knew that the Plaintiff had in fact entered into a settlement with CAPITAL ONE.

31.     As a direct and proximate result of the Defendant, CAPITAL ONE's, actions in violation of said statute, the Plaintiff, GEORGE R. LOSURE, has suffered statutory and actual damages, including, but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression. The Plaintiff continues to be fearful, anxious, nervous and depressed.

32.     The Plaintiff, GEORGE R. LOSURE, has incurred costs, expenses and reasonable attorney's fees which would not have been incurred by the Plaintiff but for the violation

of Florida Statute §559.72. Accordingly, the Plaintiff seeks reasonable attorney's fees and costs pursuant to Florida Statute §559.77.

WHEREFORE the Plaintiff, GEORGE R. LOSURE, demands judgment against the Defendant, CAPITAL ONE, for actual and statutory damages, plus costs associated with this litigation and reasonable attorney's fees, and the Plaintiff demands a trial by jury on all issues so triable.

## COUNT II

The Plaintiff, GEORGE R. LOSURE, sues the Defendant, NCO FINANCIAL, and incorporates paragraphs 1-25 and 26-30, as though specifically plead herein, and he further alleges the following:

33. The alleged violations of Florida Statute §559.72 by the Defendant, NCO FINANCIAL, in this Count of the Plaintiff's complaint occurred in Lee County, Florida.

34. The Defendant, CAPITAL ONE, authorized its agent, servant and/or employee (defendant VAN RU) to enter into a settlement agreement with the Plaintiff on or about January 19, 2005. See Attached Exhibit B.

35. The offer to settle, and all material terms associated therewith, was accepted by the Plaintiff, GEORGE R. LOSURE, on or about January 21, 2005.

36. The Defendant, CAPITAL ONE, had a duty to honor the contract entered into by the parties, close the account (#4388641882161982) on or about January 22, 2005 and cease collection efforts.

37. Rather than close the account and discontinue collection efforts, the Defendant, CAPITAL ONE, placed this account with another debt collection agency, NCO FINANCIAL on or about July 11, 2005.

6

38. The Defendant, NCO FINANCIAL, had a duty to verify that the alleged debt was, in fact, a valid consumer debt.

39. Because of the fundamental relationship between the defendant, CAPITAL ONE, and defendant, NCO FINANCIAL, the defendant, NCO FINANCIAL, possessed actual and/or constructive notice and actual and/or constructive knowledge of the settlement between CAPTIAL ONE and the Plaintiff, GEORGE R. LOSURE.

40. The Defendant, NCO FINANCIAL, either breached its duty to verify the authenticity of the alleged consumer debt and/or failed to review the account history of the alleged consumer debt.

41. The Defendant, NCO FINANCIAL, violated Florida Statute § 559.72 by intentionally attempting to collect on this alleged consumer debt when it either specifically knew or should have known that the Plaintiff had in fact entered into a settlement with CAPITAL ONE on the aforementioned account.

42. As a direct and proximate result of the Defendant, NCO FINANCIAL's, actions in violation of said statute, the Plaintiff, GEORGE R. LOSURE, has suffered statutory and actual damages, including, but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression. The Plaintiff continues to be fearful, anxious, nervous and depressed.

43. The Plaintiff, GEORGE R. LOSURE, has incurred costs, expenses and reasonable attorney's fees which would not have been incurred by the Plaintiff but for the violation of Florida Statute §559.72. Accordingly, the Plaintiff seeks reasonable attorney's fees and costs pursuant to Florida Statute §559.77.

7

WHEREFORE the Plaintiff, GEORGE R. LOSURE, demands judgment against the Defendant, NCO FINANCIAL, for actual and statutory damages, plus costs associated with this litigation and reasonable attorney's fees, and the Plaintiff demands a trial by jury on all issues so triable.

## COUNT III

The Plaintiff, GEORGE R. LOSURE, sues the Defendant, CAPITAL ONE, and incorporates paragraphs 1-25, 26-30 and 33-40 as though specifically plead herein, and he further alleges the following:

44.    At all material times hereto, Chapter 501, Fla. Stat., "Florida's Deceptive and Unfair Trade Practices Act" (FDUTPA) was in full force and effect.

45.    At all material times hereto, this Act (501.204(1)) provides that unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful.

46.    At all material times hereto, 501.203(3) provides that a violation of (c) " any law [or] statute ... which proscribes ... unfair or deceptive or unconscionable acts or practices" constitutes a violation of FDUTPA.

47.    At all material times hereto, Defendant, CAPITAL ONE's, violations of Florida Statute § 559.72, constitute unfair, deceptive or unconscionable acts or practices within the meaning of Florida Statute 501.203(3) and also constitute a violation of FDUTPA.

48.    At all material times hereto, F.S. 501.211(2) provides that a consumer who has suffered a loss as a result of a violation of FDUTPA may recover actual damages plus attorney's fees and costs.

49.    At all material times hereto, the Plaintiff, GEORGE R. LOSURE, was and is a consumer who has suffered a loss as a result of the Defendant, CAPITAL ONE's, violations of FDUTPA and is a person whose interest this statute was designed to protect.

50.    As a direct and proximate result of the Defendant, CAPITAL ONE's, violations of FDUTPA, the Plaintiff, GEORGE R. LOSURE, has sustained compensatory damages as described more particularly in paragraph 31, supra, and he has also had to hire an attorney for the vindication of his rights and has become obligated to pay his attorney a reasonable fee and costs of litigation for his services.

WHEREFORE the Plaintiff, GEORGE R. LOSURE, demands judgment against the Defendant, CAPITAL ONE, for actual damages, plus costs associated with this litigation and reasonable attorney's fees, and the Plaintiff demands a trial by jury on all issues so triable.

## COUNT IV

The Plaintiff, GEORGE R. LOSURE, sues the Defendant, NCO FINANCIAL, and incorporates paragraphs 1-25, 26- 30, 33-40 and 44-49 as though specifically plead herein, and he further alleges the following:

51.    At all material times hereto, Chapter 501, Fla. Stat., "Florida's Deceptive and Unfair Trade Practices Act" (FDUTPA) was in full force and effect.

52.    At all material times hereto, this Act (501.204(1)) provides that unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful.

9

53. At all material times hereto, 501.203(3) provides that a violation of (c) " any law [or] statute ... which proscribes ... unfair or deceptive or unconscionable acts or practices" constitutes a violation of FDUTPA.

54. At all material times hereto, Defendant, NCO FINANCIAL's, violations of Florida Statute § 559.72, constitute unfair, deceptive or unconscionable acts or practices within the meaning of Florida Statute 501.203(3) and also constitute a violation of FDUTPA.

55. At all material times hereto, F.S. 501.211(2) provides that a consumer who has suffered a loss as a result of a violation of FDUTPA may recover actual damages plus attorney's fees and costs.

56. At all material times hereto, the Plaintiff, GEORGE R. LOSURE, was and is a consumer who has suffered a loss as a result of the Defendant, NCO FINANCIAL's, violations of FDUTPA and is a person whose interest this statute was designed to protect.

57. As a direct and proximate result of the Defendant, NCO FINANCIAL's, violations of FDUTPA, the Plaintiff, GEORGE R. LOSURE, has sustained compensatory damages as described more particularly in paragraph 31, supra, and he has also had to hire an attorney for the vindication of his rights and has become obligated to pay his attorney a reasonable fee and costs of litigation for his services.

WHERFFORE the Plaintiff, GEORGE R. LOSURE, demands judgment against the Defendant, NCO FINANCIAL's, for actual damages, plus costs associated with this litigation and reasonable attorney's fees, and the Plaintiff demands a trial by jury on all issues so triable.

10

## COUNT V

The Plaintiff, GEORGE R. LOSURE, sues the Defendant, NCO FINANCIAL, and incorporates paragraphs 1-25, 26- 30, 33-41 and 51-56 as though specifically plead herein, and he further alleges the following:

58.     This Honorable Court has jurisdiction over this cause of action pursuant to 15 U.S.C. §1692 k(d).

59      The Defendant, NCO FINANCIAL, is a debt collector, pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1601 et. seq.

60.     Sometime prior to July 11, 2005, the Defendant, NCO FINANCIAL, was retained by CAPTIAL ONE for the purpose of collection of a consumer debt allegedly owed by the Plaintiff, GEORGE R. LOSURE.

61.     Because of the fundamental relationship between the defendant, CAPITAL ONE, and defendant, NCO FINANCIAL, the defendant, NCO FINANCIAL, possessed actual and/or constructive notice and actual and/or constructive knowledge of the settlement between CAPTIAL ONE and the Plaintiff, GEORGE R. LOSURE.

62.     As a third party debt collector, the Defendant, NCO FINANCIAL, had a duty to verify that the alleged debt was, in fact, a valid consumer debt at the time that CAPITAL ONE retained their services.

63.     The Defendant, NCO FINANCIAL, breached this duty when it attempted to collect the alleged consumer debt from the Plaintiff, GEORGE R. LOSURE.

64.     The Defendant, NCO FINANCIAL, by attempting to collect this consumer debt and by its own admission is a debt collector and therefore subject to the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1601 et, seq., as amended.

65. Said actions taken in furtherance of the collection of said alleged consumer debt by a third party debt collector, NCO FINANCIAL, were in violation of the FDCPA.

66. The FDCPA is, by congressional intent, a strict liability statute intended to be punitive in nature and designed to curtail abusive collection practices by sophisticated debt collectors against less sophisticated consumers.

67. As a direct and proximate result of the Defendant, NCO FINANCIAL's, actions in violation of said statute, the Plaintiff, GEORGE R. LOSURE, has suffered statutory and actual damages, including, but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression. The Plaintiff continues to be fearful, anxious, nervous and depressed.

68. The Plaintiff, GEORGE R. LOSURE, has incurred costs, expenses and reasonable attorney's fees which would not have been incurred by the Plaintiff but for the violation of FDCPA. Accordingly, the Plaintiff seeks reasonable attorney's fees and costs pursuant to said statute.

WHEREFORE the Plaintiff, GEORGE R. LOSURE, demands judgment for damages, actual and statutory, as well as costs and reasonable attorney's fees, and the Plaintiff further demands a trial by jury on all issues so triable.

The Dellutri Law Group, P.A.
Attorneys for the Plaintiff
1436 Royal Palm Square Boulevard
Fort Myers, Florida 33919
Phone No.: (239) 939-0900
Fax No.: (239) 939-0588
E-mail: Cdellutri@DellutriLawGroup.com


CARMEN DELLUTRI, Esq.
FNB: 0044385

12