**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**GEORGE R. LOSURE,**

**Plaintiff,**

**v.** **Case No. 2:05-cv-502-FtM-29SPC**

**CAPITAL ONE SERVICES, INC.; NCO FINANCIAL SYSTEMS, INC.,**

**Defendants.**

**______________________________________/**

**PLAINTIFF'S RESPONSE TO DEFENDANT,**
**NCO FINANCIAL SYSTEM'S, MOTION TO DISMISS**

MAY IT PLEASE THE COURT:

Plaintiff, GEORGE LOSURE, respectfully responds to and opposes each and every point and contention raised by Defendant, NCO FINANCIAL SYSTEMS, INC. (hereinafter referred to as NCO), in its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), and states in support thereof:

Plaintiff's complaint provides a generous overview of facts and separation of counts. The Plaintiff alleged three causes of action against NCO Financial. In Count II, the Plaintiff alleges a violation of Florida Statute 559.72 (FCCPA). In Count IV, the Plaintiff alleges a violation of Florida's Deceptive and Unfair Trade Practices Act. In Count V, the Plaintiff alleges a violation of the Fair Debt Collection Practices Act (FDCPA).

**Background Facts**

The Plaintiff allegedly owed a disputed debt to Capital One in the amount of $2,875.06. The Plaintiff settled the debt with Capital One prior to NCO's attempts to collect on the debt. Notwithstanding this settlement, NCO, on behalf of its principal, attempted to collect the same debt on several occasions.

**Notice Pleading**

Under the federal practice of "notice pleading," Plaintiff must provide a short and plain statement of the claims alleging he is entitled to relief. Federal Rule of Civil Procedure 8(a); Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995); Griggs v.State Farm Lloyds, 181 F.3d 694 (5th Cir. 1999); Janke Construction Co. v. Vulcan Materials Co., 527 F.2d 772 (7th Cir. 1974); Hrubec v. Nat. R. Pass.Corp., 981 F.2d 962 (7th Cir. 1992). Plaintiff is not required under Rule 8(a) to allege a cause of action or legal theory of the case. Hostrop v. Board of Junior College District No. 1, 523 F. 2d 569 (7th Cir. 1975), cert.denied, 425 U.S. 963, 48 L.Ed 208, 96 S.Ct. 1748 (1975). There are "no technical forms of pleading," and the Plaintiff's original complaint conforms with Rules 8(a), 8(e), 8(f) and 10 of the Federal Rules of Civil Procedure. Maynard v. General Electric Co., 486 F.2d 538 (4th Cir. 1973). Plaintiff is only required to set forth a short, concise and plain statement of their claim sufficient to advise the opposing party of the nature of the claim. Neizil v. Williams, 543 F.Supp. 899 (U.S.D.C. M.D. Fla. 1982); Ambling v. Blackstone Cattle Co., 658 F.Supp. 1459 (U.S.D.C. N.D. Ill 1987). The complaint must be in general terms and need not be stated within a framework of a cause of action. Stanley v. Harper Buffing Machine Co., 28 F.R.D. 579 (U.S.D.C. Conn. 1961). Legal conclusions or statements of law must not be alleged in the complaint. Curacao Trading Co. v. Fed. Ins. Co., 3 F.R.D. 203 (U.S.D.C. N.Y. 1942). Further, Plaintiff need not allege a theory of action. Id. Plaintiff need not specify what law(s) his case arises. Ghebreslassie v. Coleman Secur. Svc., 829 F. 2d 892 (9th Cir. 1987). Plaintiff need not plead state laws. Lumbermans Mut. Cas. Co. v. Norris Grain Co., 343 F.2d 670 (8th Cir 1965). State laws should not be plead as the federal court will take judicial notice of applicable laws. Bower v. Casanave, 44 F.Supp. 501 (U.S.D.C. N.Y. 1941). Plaintiff need not state his legal theories and discuss all applicable laws or laws which might be applied

by this Court. Federal courts employ notice pleadings. Plaintiff has done much more than merely put Defendants on notice of his claims. Fed. R. Civ. Proc. 8.

**NCO's Motion to Dismiss Should Be Denied**

Pursuant to Federal Rules of Civil Procedure 12(b)(6), and the jurisprudence construing same, when faced with a Motion to Dismiss under Rule 12(b)(6), the court must treat the facts alleged in the complaint as admitted. Ward v. Hudnall, 366 F. 2d 247 (5th Cir 1966); Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982). A motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) should be granted when the movant, (NCO), demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998). The burden of demonstrating that a pleading has failed to state a claim upon which relief can be granted lies with the moving party. However, the complaint is sufficient if it shows that the Plaintiff is entitled to any relief, regardless of whether it alleged the proper theory of the case. Janke Construction Co. v. Vulcan Materials Co., 527 F.2d 772 (7th Cir. 1974); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1833 (1989). Additionally, Plaintiff's allegations must be treated and presumed as true and correct in all respects and plaintiff's factual allegations are to be liberally construed so that plaintiff is likewise afforded each and every favorable inference to be drawn therefrom. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683 (1974); Miree v. Dekalb County, Georgia, 433 U.S. 25, 97 S.Ct. 2490 (1977). If admitted and taken as true, the allegations of the Plaintiff's Complaint do state claims upon which relief can be granted. In general, motions to dismiss are not favored and are granted only when it appears to a certainty that no set of facts could be proven at trial which would entitle plaintiff any relief. Dann v. Studebaker-Packer Corp., 288 F.2d 201 (6th Cir. 1961).

**NCO's Arguments**

NCO has argued that: (1) Plaintiff's claims, under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (FDCPA) and the Florida Consumer Collection Practices Act, Fla. Stat. 559.72, et. seq. (FCCPA), fail as a matter of law because the Plaintiff never disputed the alleged debt with NCO. Further, NCO alleges that it has no duty to verify an alleged debt before employing collection activities; (2) Plaintiff's complaint does not allege that NCO contacted Plaintiff's employer; and (3) Plaintiff's FDUTPA claim fails as a matter of law because there is no consumer transaction between NCO and the Plaintiff. Plaintiff will show that none of these arguments are availing, and therefore, NCO's Motion to Dismiss should be denied.

**A. Defendant, NCO's Motion to Dismiss should be denied at to Count II (FCCPA)**

The Plaintiff's allegations sufficiently state a cause of action which would entitle him to relief under FCCPA.

Florida Statute 559.72 (9) provides as follows:

In collecting consumer claims, no person shall:

> (9) Claim, attempt or threaten to enforce a consumer claim when such person knows that the claim is not legitimate or some other legal right when such person knows that the right does not exist.

Florida Statute 559.55 defines consumer debt as follows:

> (1) "Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

In Sandlin v. Shapiro & Fishman, Judge Kovachevich stated that the "use of the word "any" in the definition would necessarily include portions of a debt, when they are wrongfully claimed. That is the only interpretation which would fulfill the purpose of the statute, the protection of the

debtor from unscrupulous collection practices." 919 F. Supp. 1564, 1569 ( M.D. Fla. 1996). Here, the Plaintiff has alleged that NCO is a debt collector that is subject to the FCCPA. Comp. ¶ 6. The Plaintiff also alleges that NCO had actual and/or constructive knowledge and notice of the Plaintiff's settlement with Capital One. Comp. ¶ 39. It is undisputed that NCO attempted to collect on the alleged debt. See Exhibits G & H to Plaintiff's Complaint. Accordingly, the Plaintiff has plead the requisite elements, which if true, would entitle him to relief.

The Defendant, NCO, has raised the issue of whether there was an obligation under the FCCPA for the Plaintiff to dispute the debt, in writing with this Defendant. No such obligation exists under Florida Statute 559.72.

The Defendant also raises the issue of whether NCO violated F.S. 559.72(4) when they placed a telephone call to plaintiff's place of employment. While this may be an affirmative defense if the Plaintiff specifically plead a Count under F.S. 559.72(4), the issue here is whether the Plaintiff's complaint sets forth sufficient facts in support of his claim which would entitle him to relief. Conley v. Gibson 355 U.S. 41, 45 (1957). Simply put, the phone call to the Plaintiff's place of employment and the two dunning letters demonstrate NCO's attempt to collect on a non-existent debt.

After reviewing the complaint in the light most favorable to the Plaintiff and accepting all well pleaded allegations as true, Count II of Plaintiff's complaint should not be dismissed for failure to state a claim because the Plaintiff has demonstrated a set of facts that would entitle him to relief.

**B. Defendant's Motion to Dismiss should be denied as to Count IV (FDUTPA)**

The Plaintiff's allegations sufficiently state a cause of action which would entitle him to relief under FDUTPA. The FDUTPA must be construed liberally. Cummings v. Warren Henry Motors, Inc., 648 So.2d 1230 (Fla. 4th DCA 1995).

NCO argues that the Plaintiff cannot maintain a cause of action because FDUTPA only applies to consumer transactions and plaintiff cannot allege that he was a consumer with respect to NCO. This argument fails because a literal reading of the FDUTPA demonstrates that FDUTPA protects consumers from those "who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Florida Statute §501.202(2) (1999). Additionally, F.S. 501.203(3) provides that a violation of FDUTPA may be based upon (c) "any law, statute rule, regulation or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices. See Schauer v. General Motors Acceptance Corp., 819 So.2d 809, 812 (Fla. App. 4th Dist. 2002).

To state a cause of action under the FDUTPA, the consumer must allege sufficient facts to show that the consumer has been actually aggrieved by the unfair or deceptive act committed. In Re Crown Auto Dealerships, Inc., 187 B.R. 1009 (M.D. Fla.1995).

The Plaintiff is a consumer under FDUTPA. F.S. 501.203(7). The allegations that NCO violated the FCCPA and the FDCPA contained in Plaintiff's complaint fall within the broad definition of "trade or commerce" found at 501.203(8). Compl. ¶56 and 57.

After reviewing the complaint in the light most favorable to the Plaintiff and accepting all well pleaded allegations as true, Count IV of Plaintiff's complaint should not be dismissed for failure to state a claim because the Plaintiff has demonstrated a set of facts that would entitle him to relief.

**C. Defendant, NCO's Motion to Dismiss Should be denied as to Count V (FDCPA)**

The Plaintiff's allegations sufficiently state a cause of action which would entitle him to relief under FDCPA. With regard to Count V of the Plaintiff's Complaint, NCO has raised two arguments. First, the Debtor's cause of action fails as a matter of law because the Plaintiff has not and cannot allege that he ever disputed the debt at issue to NCO. Second, the Defendant argues that "NCO is entitled to rely upon information provided to it by Capital One and has no duty to verify the authenticity of the debt or review the account history of the debt prior to receiving a written dispute from the debtor." Both of these arguments fail when this Court applies the standard set forth above.

NCO is correct that the Plaintiff did not dispute the alleged debt with NCO; however, the failure to dispute the debt in writing is not a prerequisite to an FDCPA violation. The debtor, or in this case, the Plaintiff, has the ability, pursuant to 15 U.S.C. §1692(g) to dispute the debt. More specifically, if a consumer chooses not to dispute the alleged debt, the FDCPA provides that: "the failure of a consumer to dispute the validity of a debt … may not be construed by any court as an admission of liability by the consumer." 15 U.S.C. §1692(g)(3).

"In order to prevail on an FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Kaplan v. Assetcare, Inc., 88 F.Supp.2d 1355, 1361 (S.D. Fla. 2000) (quoting Sibley v. Firstcollect, Inc., 913 F.Supp. 469, 470 (M.D.La. 1995)). The first two criteria have been plead by the Plaintiff (Comp. ¶21, 22 and 24 and ¶5 and 59 respectively). With regard to the third criteria, the Plaintiff has plead that NCO violated the FDCPA by sending two dunning letters and by attempting to contact the plaintiff at his place of employment to collect on a non-existent debt. 15 U.S.C. §1692(f) provides in pertinent part:

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. … (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

The Defendant's second argument is that NCO relied upon information provided to it by Capital One and has no duty to verify the authenticity of the debt. This argument is better suited as an affirmative defense because numerous court have stated that the FDCPA is a strict liability statute, and therefore, whether NCO had actual knowledge of the satisfaction prior to making further attempts to collect goes to this defendant's culpability. Bentley v. Great Lakes Collection Bureau, 6 F.3rd 60, 63 (2nd Cir. 1993).

After reviewing the complaint in the light most favorable to the Plaintiff and accepting all well pleaded allegations as true, Count V of Plaintiff's complaint should not be dismissed for failure to state a claim because the Plaintiff has demonstrated a set of facts that would entitle him to relief.

## **Conclusion**

Counts II, IV and V of the Plaintiff's complaint should not be dismissed for failure to state a cause of action upon which relief can be granted. In each instance, the Plaintiff has demonstrated a set of facts that would entitle him to relief. Accordingly, the Plaintiff prays that this Honorable Court will enter an Order Denying NCO's Motion to Dismiss and providing NCO a reasonable time to respond to the Plaintiff's complaint, and for such other and further relief as this Honorable Court deems necessary and just.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the Plaintiff's Response to the Defendant, NCO's, Motion to Dismiss was served, on this 11th day of November, 2005, electronically to:

Elizabeth Kathryn Fite
Elizabeth.fite@fitelaw.com
15316 N. Florida Avenue
Suite 100
Tampa, Florida 33613-1257

And

Jeffrey S. York
jyork@mcguirewoods.com
and
Charles L. Gibbs, II
cgibbs@mcguirewoods.com
50 North Laura Street, Suite 3300
Jacksonville, Florida 33202

And via First Class United States Mail to:

Sara Adamik
Capital One Services, Inc.
15000 Capital One Drive
ATTN: 12072-0300
Richmond, Virginia 23238

The Dellutri Law Group, P.A.

By: /s/ Carmen Dellutri______________
Carmen Dellutri
FBN: 0044385
Amanda Wiggins
FBN: 231400
1436 Royal Palm Square Boulevard
Fort Myers, Florida 33919
Phone: 239-939-0900
Fax: 239-939-0588
E-mail: Cdellutri@Dellutrilawgroup.com