UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE R. LOSURE,

        Plaintiff,

vs.                              Case No. 2:05-cv-502-FtM-29SPC

CAPITAL ONE SERVICES, INC.; NCO
FINANCIAL SYSTEMS, INC.,

        Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendant NCO's [Rule] 12(b)(6) Motion to Dismiss and Incorporated Memorandum of Law (Doc. #10) filed on October 26, 2005. Plaintiff George R. Losure filed his Response on November 11, 2005. (Doc. #20). For the following reasons, the Motion to Dismiss will be denied.

**I.**

     In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the

defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Secs., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is nonetheless warranted if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Day v. Taylor, 400 F.3d 1272, 1275 (11th Cir. 2005); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

**II.**

In the Complaint, plaintiff alleges that he settled a consumer debt for less than the total debt amount with defendant Capital One Services, Inc. (Capital One) through its agent debt collector, Van Ru Credit Corporation (Van Ru), a foreign corporation licensed to conduct business in the State of Florida. On behalf of Capital One, Van Ru agreed to accept a discounted amount in satisfaction of the entire debt from plaintiff.

Subsequently, Capital One retained defendant NCO Financial Systems, Inc. (NCO), a foreign corporation licensed to conduct business in the State of Florida, to collect the discounted portion

of the debt.  Plaintiff claims that, despite having knowledge of the settlement agreement, NCO made attempts to collect the discounted portion of the debt.  Plaintiff also asserts that NCO contacted plaintiff at home and at his place of employment as part of the debt collection effort.

Plaintiff filed a five-count Complaint alleging federal and state claims against various defendants.  Plaintiff alleges that defendants' debt collection activities violated the Florida Consumer Collections Practices Act (FCCPA), FLA. STAT. § 559.55, *et seq*. (Counts I and II); the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), FLA. STAT. § 501, *et seq*. (Counts III and IV; and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. (Count V).  In response, defendant NCO Financial Systems, Inc. seeks to have Counts II, IV, and V dismissed for failure to state a claim.[1]

### III.

**A.   Fair Debt Collection Practices Act**

NCO contends that Count V fails to state a claim under the FDCPA, because plaintiff did not allege that he disputed the debt to NCO.  Plaintiff responds that the specific allegation disputing the underlying debt is not required, and that he has otherwise

---

[1]Counts I and III relate to claims under FCCPA and FDUPTA, respectively, against only co-defendant Capital One.

sufficiently plead a FDCPA cause of action under Fed. R. Civ. P. 8 notice requirement.

To state a claim under FDCPA, plaintiff must allege that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000); see also Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1360, 1366 (M.D. Fla. 2002). Section 1692a(3) defines the term "consumer" as any "natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Section 1692a(5) defines the term "debt" as follows:

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). Section 1692a(6) defines the term debt collector and states, in pertinent part, as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another....

15 U.S.C. § 1692a(6). The FDCPA also enumerates certain prohibited collection practices. See 15 U.S.C. § 1692f. Specifically, the FDCPA states, in pertinent part, as follows:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

The Court finds that plaintiff adequately plead a claim under the FDCPA. Plaintiff falls within the statutory definition of consumer, and there is no assertion that NCO was not a debt collector for purposes of the FDCPA. The Complaint alleges that NCO attempted to collect an amount greater than what was owed. (Doc. #4-1, p. 2, ¶ 4). Having alleged that NCO engaged in a prohibited collection practice, plaintiff sufficiently stated a FDCPA claim in his Complaint, and the Motion to Dismiss as to Count V is due to be denied.

### B. Florida Deceptive and Unfair Trade Practices Act

Defendant contends that plaintiff fails to state a claim under FDUPTA because no consumer transaction exists between defendant and plaintiff. In response, plaintiff argues that FDUPTA should not be narrowly construed. Plaintiff asserts that defendant violated FDUPTA when defendant intentionally attempted to collect the balance of a debt which did not exist because co-defendant Capital

One agreed to and accepted a discounted amount in satisfaction of the entire debt from plaintiff. (Doc. #4-1, pp. 3-4, 9-10). Plaintiff further claims that he suffered damages as a consequence of NCO's actions. (Id. at 10).

To state a FDUPTA claim, the plaintiff must plead that the conduct complained of was unfair and deceptive and that plaintiff was aggrieved by the unfair and deceptive act. Macias v. HBC of Fla., Inc., 694 So. 2d 88, 90 (Fla. 3d DCA 1997). The FDUPTA "protects consumers from those 'who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.'" Schauer v. General Motors Acceptance Corp., 819 So. 2d 809, 812 (Fla. 4th DCA 2002)(quoting Fla. Stat. § 501.202(2)). A violation of FDUPTA may be based on "unfair, deceptive, or unconscionable actors or practices." Id. A credit card holder is considered a consumer for purposes of FDUPTA. Id. "Trade or commerce" is defined by the Act as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service...." FLA. STAT. § 501.203(8).

The Court finds that plaintiff has adequately plead a claim under FDUPTA. There is no dispute that the subject obligation is a debt. In addition, Losure, as a credit card holder, is considered a consumer under FDUPTA. NCO's alleged actions fall within the statutory definition of "trade and commerce." Losure alleged that NCO, with the knowledge that the debt was satisfied,

attempted to collect the debt by willfully harassing him at home and at his place of employment through letters and telephone calls. Losure also claimed that he suffered damages as a result of defendant's conduct in violation of FDUPTA. Thus, the Court finds that Count IV states a FDUPTA claim and concludes that the Motion to Dismiss is due to be denied.

### C. Florida Consumer Collection Practices Act

Like its federal counterpart, the FCCPA includes a list of prohibited collection practices that give rise to a private cause of action. Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1124 (11th Cir. 2004)(citing FLA. STAT. § 559.72, 559.77). In order to state claim against debt collector under the FCCPA, for attempting or threatening to collect a debt which is not owed, the complaint must contain an allegation of knowledge or intent. In re Cooper, 253 B.R. 286 (Bankr. N.D. Fla. 2000); see also Williams v. Streeps Music Co., Inc., 333 So. 2d 65 (Fla. 4th DCA 1986).

Plaintiff claims that NCO violated § 559.72 of the FCCPA "by intentionally attempting to collect on this alleged consumer debt when it either specifically knew or should have known that the Plaintiff had in fact entered into a settlement with Capital One on the aforementioned account." (Doc. #4-1, p. 7, ¶ 41). Defendant NCO seeks to dismiss the claim because plaintiff did not allege that he disputed the debt directly with NCO. NCO further argues that, without this allegation, Capital One's knowledge of the settlement could not be imputed to NCO, and the intent element

could not be satisfied.  The Complaint, however, alleges that NCO, a debt collector, intentionally attempted to collect a debt, which did not exist, from plaintiff, a consumer.  At this early stage in litigation, before any discovery has commenced, this Court must take the facts in the light most favorable to plaintiff.  In doing so, the Court finds that plaintiff adequately plead a claim under the FCCPA, and the Motion to Dismiss as to Count II is due to be denied.

Accordingly, it is now

**ORDERED**:

Defendant NCO's 12(b)(6) Motion to Dismiss (Doc. #10) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___23rd___ day of January, 2006.

				JOHN E. STEELE
				United States District Judge

Copies:
Counsel of record